Nov. Term,
1840.

HORTON
v.
SMELSER.

*Per Curiam.*—The judgment is reversed with costs. Cause remanded, &c.

*D. H. Colerick* and *W. H. Coombs,* for the appellants.

*H. Cooper,* for the appellee.

---

## HORTON v. SMELSER.

In an action for malicious prosecution, the facts showing probable cause may be specially pleaded.

Suit for maliciously prosecuting the plaintiff for burning the defendant's barn. Pleas, 1. That before the commencement, &c. the barn was feloniously burned; and that the defendant had reasonable and probable cause to suspect that the plaintiff had committed the offence; wherefore, &c.; 2. That before the commencement, &c. the barn was burned; that the plaintiff stated a short time before, that the defendant would soon be as poor as the plaintiff, (the plaintiff not being worth as much property as the defendant;) that before the fire was out, and whilst some people were there looking at the same, the plaintiff passed by the place without stopping or appearing to notice the ruins; that the defendant stated the circumstances to an attorney, who was of opinion that they amounted to arson, and advised the defendant to commence the prosecution. *Held,* that the first plea was bad, because the facts constituting the probable cause were not set out; and that the second plea was also bad, because the facts stated did not show probable cause.

A judgment, on demurrer to a plea, cannot be rendered for the defendant, on the ground that the declaration containing several counts is bad, if one count be good.

Nov. Term, 1840.

HORTON
v.
SMELSER.

Friday,
November 27.

ERROR to the *Rush* Circuit Court. Malicious prosecution. The declaration contained two counts. The first stated that the defendant had falsely, &c., and without probable cause, charged the plaintiff with having committed arson by burning the defendant's barn, &c.,—and was in the usual form; the second need not be particularly noticed, as the Court expressed no opinion respecting it. There were five pleas in bar. The second plea was as follows: That before the commencement of the prosecution, &c., the defendant's barn had been feloniously burned, and the defendant had reasonable and probable cause to suspect that the plaintiff had committed the offence; wherefore the defendant commenced the proceedings, &c. The following was the third plea: That before the commencement, &c., the defendant's barn was burned; that the plaintiff stated a short time before, that the defendant would soon be as poor as the plaintiff, (the plaintiff not being worth as much property as the defendant;) that before the fire was out, and whilst some people were there looking at the same, the plaintiff passed by the place without stopping or appearing to notice the ruins; that the defendant stated the circumstances to an attorney, who was of opinion that they amounted to arson, and advised the defendant to commence the prosecution. Special demurrers to the second and third pleas, assigning for cause that they amounted to the general issue. Issues in fact were joined on the other pleas. The Circuit Court gave judgment for the defendant, on the ground that the declaration was insufficient.

BLACKFORD, J.—The second and third pleas are not objectionable for the cause assigned by the demurrers. *Brown* v. *Connelly*, decided at this term. But they are insufficient on other grounds. The second is bad, because the facts constituting the probable cause are not set out; and the third is defective, because the facts stated do not show probable cause. The demurrers to those pleas were therefore well founded.

The decision against the plaintiff, on the ground that the

declaration is bad, is erroneous. The first count is unobjectionable, and that, as the case stands, is sufficient for the plaintiff.

Per Curiam.—The judgment is reversed with costs. Cause remanded, &c.

C. B. Smith and R. S. Cox, for the plaintiff.

C. H. Test and S. W. Parker, for the defendant.

